[No. 23692. Department One. July 19, 1932.]

LEWIS S. ROTH, *Appellant,* v. ED KNIGHT, *as Receiver, Respondent.*[1]

*Clay Allen* and *Arthur E. Carr,* for appellant.

*Frank D. Davis,* for respondent.

MITCHELL, J.—Lewis S. Roth and Carl G. Blomquist were partners in the operation of a sheep ranch. Roth brought an action for a dissolution of the partnership and for an accounting. A receiver was appointed, who took charge of the assets.

Upon an application, unopposed, an order was entered directing the receiver to sell all the assets. The order provided that the receiver might require successful bidders to deposit with him at least ten per

[1]Reported in 13 P. (2d) 25.

cent of the amount of their bids, to be forfeited if the bidder failed to comply with the terms of the bid after confirmation of the sale by the court. The receiver's notice of sale made no mention whatever of any deposit by successful bidders, nor reference to such provision in the order directing the sale.

Lewis S. Roth successfully bid eight hundred and fifty dollars for certain articles of personal property on the ranch, together with the right to complete payment of the balance due on the purchase price of the real estate under an executory contract. It appears that he paid the receiver eighty-five dollars on the day of the receiver's sale.

Upon the receiver's report of the sale and a hearing thereon, at which Roth was present by his attorneys, the sale was confirmed by an order of the court dated and duly entered on June 2, 1931, from which order no appeal was taken. Neither the report of the sale nor the order confirming it made any reference whatever to any cash payment subject to forfeiture upon failure of the bidder to comply with his bid, or at all.

On June 23, 1931, upon application of the receiver, an order was entered directing Roth to show cause why he should not be required to pay the remaining $765 of his bid, else judgment therefor would be entered against him. Roth appeared and, refusing to pay, defended on the grounds: (1) that the receiver's only remedy was the forfeiture of the eighty-five dollars already paid, which forfeiture Roth now consented to, and (2) that the court allowing two weeks time after the confirmation of the receiver's sale within which purchasers, including others than Roth, might remove hundreds of sheep and other personal property from the ranch, thus keeping Roth out of the possession of the ranch during that time, had effected

a serious disadvantage to him; because, during that time, he was subjected to unusual financial embarrassment and loss due to the sudden and unexpected failure of certain banking houses in the city of Chicago, making it impossible for him to complete payments of the purchase price up to the date of hearing the show cause order.

The court gave still further time within which Roth might pay the balance of his bid, upon the expiration of which time, and on failure of Roth to pay, judgment was entered in favor of the receiver against Roth, from which judgment this appeal has been taken.

Appellant insists that the only remedy of the receiver was the forfeiture of the eighty-five dollars. We cannot so hold. The provision in the order with reference thereto made it optional with the receiver as one of the terms of the sale. It was in no way referred to in the receiver's notice of sale, it was not mentioned in his report of the sale, nor in the order confirming the sale, to which order appellant made no objection. No appeal was taken from the order of confirmation, which has become binding without limiting the receiver to the right of forfeiture.

Besides, considering alone the language of the order, and eliminating from it the optional feature as to whether the receiver might include it as one of the terms of the sale, there is nothing in the language to take it out of the general rule that the seller has the option to forfeit a cash payment, even if intended as liquidated damages, or to enforce the contract. This transaction was not intended nor did it have the effect of giving to the appellant an option to buy the property covered by his bid, but it was intended that he should, and he did, become a purchaser; and there is nothing in the record to indicate that the eighty-five dollars paid by him was intended or received as se-

curity for the payment of the balance of the purchase price, or otherwise than as a part of the purchase price of the property.

Giving purchasers of personal property a limited time to remove it from the premises, so much objected to by appellant on the appeal, was entirely within the equity power of the court in the receivership proceedings, and there is nothing about the length of time given that suggests abuse of discretion or power. While it appears that appellant objected to the giving of such time, it must have been oral only, for there is no record here showing what the grounds of the objection were.

Appellant's misfortune in his financial affairs during the limited time purchasers were allowed to take away the property purchased at the receiver's sale, while regrettable, constitutes no defense, legal or equitable, to his contract of purchase at the sale. On the return day of the show cause order, June 30, 1931, the cause went over until July 13, at which time the court gave appellant five days further in which to make payment; and, even then, judgment requiring the balance to be paid was not entered until September 2, 1931. Clearly, the orders and judgment were without error.

Affirmed.

TOLMAN, C. J., PARKER, HERMAN, and STEINERT, JJ., concur.